# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN KEITH HENNESS,

:

    Petitioner,

Case No. 2:01-cv-043

:

    -vs-

Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,

:

    Respondent.

---

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 147). Respondent opposes the Motion (Doc. No. 149) and Petitioner has filed a Reply in Support (Doc. No. 151).

This case was referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c) and the instant Motion may therefore be ruled upon by the Magistrate Judge.

**Standard for a Certificate of Appealability**

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

    (c)

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the

district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893[1].

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

---

[1]The Court has already granted Petitioner's Motion for Leave to Appeal *in forma pauperis* (Doc. No. 144 and notation order), thus implicitly deciding that the appeal is not frivolous.

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

**Analysis**

Petitioner pled twenty-four Grounds for Relief in his Amended Petition. He now seeks to appeal the Court's decision on his First, Second, Third, Sixth, Eighth, Ninth, Seventeenth, and Twentieth Grounds for Relief. They are analyzed *seriatim* below.

**First Ground for Relief**

In his First Ground for Relief, Petitioner argued he received ineffective assistance of trial counsel in a number of respects. He now seeks to appeal from the Court's decision on the second and fourth sub-claims.

**Second Sub-claim:** In the second sub-claim, Petitioner alleges his trial counsel was ineffective for failing to call him as a witness at the suppression hearing to testify he was never re-Mirandized on April 14, 1992. This Court denied the sub-claim because proof that trial counsel was ineffective for failure to call a witness depends on showing what the witness would have testified to and a conclusion that the omitted evidence probably would have made a difference. In the instant Motion, Petitioner

hypothesizes that he would have contradicted Detective Sorrell's statement that he did re-Mirandize Petitioner. Maybe he would have said that and maybe not. There was never any evidence before the state courts of what Petitioner would have said if he had been called at the suppression hearing. Petitioner was perfectly free to offer an affidavit of what he would have said to the trial court during post-conviction proceeding, but he did not and his ineffective assistance of trial counsel claim on this point was denied by the state courts precisely because there was no evidence.

The federal courts cannot presume that omitted evidence would have been highly favorable to a state defendant if that evidence was never offered to the state courts. Reasonable jurists would not disagree on this point and no certificate will issue on this sub-claim.

**Fourth Sub-claim:** In the fourth sub-claim, Petitioner asserts his trial attorney was ineffective for failure to file a motion to suppress the fruits of an illegal stop and arrest. The Court denied this claim because it was never presented to the Ohio courts and Petitioner's assertion that it was omitted because of the ineffective assistance of appellate counsel was also without merit.

Because the Court concludes reasonable jurists could disagree with its conclusion on this sub-claim, a certificate of appealability will issue as to it.

## Second Ground for Relief

In his Second Ground for Relief, Petitioner alleged he was denied effective assistance of counsel at the mitigation stage of his trial. In rejecting this claim, the Court concluded that the Ohio Supreme Court's decision on this point was not an unreasonable application of clearly established United States Supreme Court law. Because reasonable jurists could disagree with this conclusion, a certificate of appealability will issue on this Ground for Relief.

**Third Ground for Relief**

In his Third Ground for Relief, Petitioner asserts he was deprived of constitutional rights by the trial court's failure to suppress statements he made to the Columbus Police after his request for counsel was not honored. Because the Court concludes reasonable jurists could disagree with its conclusion on this Ground for Relief, a certificate of appealability will issue.

**Sixth Ground for Relief**

In his Sixth Ground for Relief, Petitioner asserts that the State withheld information which should have been disclosed to him under *Brady v. Maryland*, 373 U.S. 83 (1963). Because the Court concludes reasonable jurists could disagree with its conclusion on this Ground for Relief, a certificate of appealability will issue.

**Eighth Ground for Relief**

In this Ground for Relief, Petitioner asserts his trial was constitutionally tainted by a number of trial court rulings. He seeks a certificate of appealability on several sub-claims:

**First sub-claim** relating to Tabitha Hennes' competence to testify: Because the Court concludes reasonable jurists could disagree with its conclusion on this sub-claim, a certificate of appealability will issue.

**Fourth sub-claim:** Because the Court concludes its decision that this sub-claim is procedurally defaulted would not be debatable among reasonable jurists, no certificate will issue on this sub-claim.

**Fifth sub-claim:** Because the Court concludes its decision that this sub-claim is procedurally

defaulted would not be debatable among reasonable jurists, no certificate will issue on this sub-claim.

**Eighth sub-claim:** : Because the Court concludes reasonable jurists could disagree with its conclusion on this sub-claim, a certificate of appealability will issue.

### Ninth Ground for Relief

In his ninth ground for relief, Henness contends the trial court rendered the mitigation phase of his trial fundamentally unfair when it refused to permit Henness' counsel to withdraw after the guilt phase was completed. Because the Court concludes reasonable jurists could disagree with its conclusion on this Ground for Relief, a certificate of appealability will issue.

### Seventeenth Ground for Relief

In his seventeenth ground for relief, Henness contends the jurors were instructed that they must first unanimously reject the death sentence before considering any of the life sentence options available. The Court found this Ground for Relief was procedurally defaulted. It now concludes that its reasoning on that point would not be debatable among reasonable jurists and a certificate of appealability on the Seventeenth Ground for Relief is denied.

### Twentieth Ground for Relief

In his Twentieth Ground for Relief, Petitioner asserts his appellate counsel were ineffective in several respects. The Court found this Ground for Relief was not procedurally defaulted but was without merit in any of its sub-claims.

Despite that conclusion, the Court now finds reasonable jurists could disagree with its conclusion about the Curtis testimony, the allegedly "acquittal-first" jury instruction, and the failure to file a motion to suppress the fruits of the allegedly illegal traffic stop. A certificate of appealability will issue as to those sub-claims.

July 16, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge